WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JIT Platforms, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>United States of America,<br><br>          Defendant. | No. CV-21-00158-PHX-DWL<br><br>**ORDER** |

JIT Platforms, LLC ("Plaintiff") has sued the United States of America under the Federal Tort Claims Act ("FTCA"), seeking monetary damages because United States Customs and Border Protection ("CBP") personnel seized, and then forfeited and destroyed, 400 solar panels that Plaintiff sought to import into the United States from Thailand. (Doc. 1.) Now pending before the Court is the United States' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 14.) For the following reasons, the motion is granted.

**BACKGROUND**

I. Factual History

On March 12, 2019 Plaintiff attempted to import 400 solar panels from Thailand into the United States. (Doc. 1 ¶ 6; Doc. 14-2 ¶ 3.) After reviewing the entry documents, a CBP import specialist detained the merchandise for suspected trademark and country of origin violations. (Doc. 14-2 ¶ 6.)

On April 3, 2019, two CBP import specialists examined the shipment and

1 determined that the solar panels contained a potentially violative use of the ETL Verified
2 Intertek and Design ("ETL") trademark. (*Id.* ¶ 7.)

3 On April 9, 2019, a CBP import specialist sent a letter to Plaintiff at the address
4 listed on the entry documents, informing Plaintiff that the solar panels had been detained
5 for suspected intellectual property rights violations. (Doc. 14-2 ¶ 8; Doc. 14-3.) The notice
6 explained that Plaintiff could provide, within seven days, documentation supporting the
7 lawful use of the ETL trademark. (*Id.*)

8 On April 10, 2019, a CBP import specialist confirmed that the solar panels violated
9 the ETL trademark. (Doc. 14-2 ¶ 9.)

10 On May 3, 2019, CBP's Fines, Penalties, and Forfeitures Office in Los Angeles sent
11 Notice of Seizure ("Seizure Notice") and Election of Proceedings forms to Plaintiff,
12 indicating that the solar panels had been seized on April 26. 2019 and were subject to
13 forfeiture pursuant to 19 U.S.C. § 1526(e), which prohibits the importation of merchandise
14 bearing a counterfeit trademark. (Doc. 14-2 ¶¶ 10-11; Doc. 14-4 at 4, 9.)

15 On May 10, 2019, the Seizure Notice was delivered to the address listed on the entry
16 documents. (Doc. 14-2 ¶ 12.) The Seizure Notice advised Plaintiff that it was required to
17 respond by making a petition for remission from forfeiture under 19 U.S.C. § 1618, making
18 an offer in compromise, abandoning the property, or submitting a request for judicial
19 forfeiture. (Doc. 14-2 ¶ 13; Doc. 14-4 at 5.) The Seizure Notice also indicated that if
20 Plaintiff took no action, CBP could seek to forfeit the property 30 days after the date of the
21 Seizure Notice by publishing a notice of seizure and intent to forfeit for 30 consecutive
22 days, after which time the United States would acquire full title to the seized property.
23 (Doc. 14-2 ¶ 14; Doc. 14-4 at 7.)

24 On May 23, 2019, Plaintiff timely sent a petition for remission pursuant to 19 U.S.C.
25 § 1618. (Doc. 1 ¶ 9; Doc. 15-1 at 14.) However, the petition was misplaced before being
26 logged and reviewed by a Fines, Penalties, and Forfeitures employee. (Doc. 23 ¶¶ 3-7.)[1]

---

27 [1] Initially, the United States stated that CBP had not received a petition for remission
28 and accused Plaintiff of sending the petition to the wrong location. (Doc. 14 at 3; Doc. 19 at 6-8.) However, the United States subsequently determined that Plaintiff's petition was, in fact, delivered to CBP's mailroom and retrieved by a Fines, Penalties, and Forfeitures

Plaintiff made repeated attempts to ascertain the status of its petition but, because Plaintiff was sending inquiries to the wrong email address (Doc. 19 at 8), received no response. (Doc. 15 at 2; Doc. 15-1 ¶¶ 8-10.)

On August 24, 2019, CBP—unaware that Plaintiff filed a petition for remission—published the seizure notice and intent to forfeit pursuant to 19 U.S.C. § 1607 and 19 C.F.R. § 162.45. (Doc. 14-2 ¶ 15.) The notice instructed anyone with a legal claim to the solar panels to respond within 30 days. (*Id.*) Plaintiff did not file a claim or another petition for remission from forfeiture with CBP. (*Id.*) However, beginning in September 2019, Plaintiff was coordinating with Intertek personnel to remove the mark from the solar panels so they could be released from seizure. (Doc. 1 ¶ 8; Doc. 15 at 4.)

On October 17, 2019, the property was declared administratively forfeited. (Doc. 14-2 ¶ 15; Doc. 14-5.)

On November 4, 2019, CBP destroyed the solar panels. (Doc. 1 ¶ 10.)

II. Procedural History

On March 4, 2020, Plaintiff filed an SF-95 administrative claim for property damage with CBP, demanding $160,000 as compensation for the destroyed goods. (Doc. 1 ¶¶ 5, 12.) The claim was denied by CBP under 28 U.S.C. § 2675. (Doc. 14-2 ¶ 16.)

On January 29, 2021, Plaintiff initiated this action by filing a complaint. (Doc. 1.)

On April 1, 2021, the United States filed the pending motion to dismiss. (Doc. 14.)

On April 19, 2021, Plaintiff filed a response. (Doc. 15.)

On May 26, 2021, the United States filed a reply. (Doc. 19.)

On July 1, 2021, the United States filed an amended reply. (Doc. 22.) Neither side requested oral argument.

…

…

…

…

---

employee on May 28, 2019. (Doc. 22 at 2; Doc. 23 ¶¶ 3-7.)

**DISCUSSION**

I. <u>Legal Standard</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss an action for "lack of subject-matter jurisdiction." "[I]n reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, we take the allegations in the plaintiff's complaint as true." *Wolfe v. Strankeman*, 392 F.3d 358, 362 (9th Cir. 2004). However, "in ruling on a 12(b)(1) jurisdictional challenge, a court may look beyond the complaint and consider extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1145 n.5 (9th Cir. 2003). The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"The United States, as a sovereign, is immune from suit unless it has waived its immunity. A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Consejo De Desarrollo Economico De Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (citations omitted). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *Id.* (quoting *United States v. Mottaz*, 476 U.S. 834, 841 (1986)); *see also Lane v. Pena*, 518 U.S. 187, 192 (1996) ("[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."). "Unless [a plaintiff] satisfies the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).

II. <u>The FTCA's Waiver Of Sovereign Immunity And The Detention-Of-Goods Exception</u>

The FTCA authorizes claims against the United States for "loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). However, this waiver of immunity is subject to various exceptions, including an exception

for "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." *See* 28 U.S.C. § 2680(c). This is known as the detention-of-goods exception.

The Supreme Court has broadly construed the phrase "arising in respect of" in § 2680(c) to mean any claim "arising out of" the negligent handling or storage of detained property. *Kosak v. United States*, 465 U.S. 848, 854 (1984). This broad construction "furthers Congress' intent in creating the Customs exemption: ensuring that Customs activities, as a class, . . . not be disrupted by threat of suit." *Gasho v. United States*, 39 F.3d 1420, 1434 (9th Cir. 1994) (citing *Kosak*, 465 U.S. at 858). Here, Plaintiff's claim is based on damage to goods incurred while in the detention of CBP. Because the damage "arises out of" the detention of the solar panels, Plaintiff's claim falls within the exception set forth at § 2680(c).

In its response brief, Plaintiff does not dispute that courts have given a "broad interpretation[] to the detention of goods exception" (Doc. 15 at 6-7) but identifies two reasons why the exception should be deemed inapplicable here: *first*, because CBP acted negligently in misplacing its petition for remission; and *second*, because Congress subsequently narrowed the detention-of-goods exception via the enactment of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"). As explained below, neither argument is availing.

A. **Negligent Handling Of The Petition**

In the complaint, Plaintiff asserts that "[t]he failure of CBP to respond to JIT's petition was negligence" (Doc. 1 ¶ 15), and in the response to the motion to dismiss, Plaintiff seems to suggest that because "there has not been a successful forfeiture" here, the exception in § 2680(c) does not apply (Doc. 15 at 2).

Construing the allegations and evidence in the light most favorable to Plaintiff, CBP sent a notice on May 3, 2019 and Plaintiff responded by sending a timely petition for remission, which should have halted forfeiture proceedings until a decision on the petition

- 5 -

was reached. (*See* Doc. 14-4 at 9.) Nevertheless, the Court agrees with the United States (Doc. 22 at 8) that, even accepting these facts, the Court still lacks subject matter jurisdiction to consider Plaintiff's FTCA claim.

In *Kosak,* the plaintiff's art collection was seized by Customs, which then notified the plaintiff that the objects were subject to civil forfeiture under 19 U.S.C. § 1592. 465 U.S. at 849-50. The plaintiff, in turn, filed a petition for relief from forfeiture under 19 U.S.C. § 1618, which was granted by Customs. *Id.* at 850. After receiving his goods, plaintiff filed an FTCA claim for damage allegedly caused while the art was detained. *Id.* Notably, even though the petition had been granted—meaning no forfeiture had occurred—the Supreme Court concluded the claim was covered by (and thus barred by) the detention-of-goods exception. *Id.* at 853-62. In reaching this conclusion, the Court emphasized that § 2680(c) was intended to "cover[] injury to detained property caused by the negligence of customs officials" and "ensur[e] that certain governmental activities not be disrupted by the threat of damage suits." *Id.* at 856, 858. The Court acknowledged that its broad construction of § 2680(c) could "den[y] an effectual remedy to many persons whose property is damaged through the tortious conduct of customs officials" but stated that such concerns were "properly addressed to Congress, not to this Court." *Id.* at 862.

Since *Kosak* was decided, other courts—including the Ninth Circuit—have concluded that the detention-of-goods exception bars claims for property damage to detained goods irrespective of whether a forfeiture ultimately occurred. *See, e.g.*, *Foster v. United States*, 522 F.3d 1071, 1073-74, 1076 (9th Cir. 2008) (affirming dismissal of FTCA claim on sovereign immunity grounds, where federal agents "seized a large number of firearms—more than 800 in all—and ammunition from storage spaces rented by Plaintiff" and allegedly caused nearly $190,000 in property damage to the seized goods before returning them to the plaintiff pursuant to a stipulated judgment reached after the plaintiff opposed the ATF's forfeiture efforts, and emphasizing that "*Kosak* is nearly indistinguishable from this action"). Consequently, the potential negligence of CBP in failing to log and process Plaintiff's petition for remission does not affect the applicability

of the detention-of-goods exception to § 2680(c). *Kosak* and *Foster* establish that, even if CBP *had* properly logged and processed the petition, any FTCA claim related to property damage to the seized goods would fall within § 2680(c), irrespective of the ultimate outcome of the remission/forfeiture process.

### B. CAFRA

Through CAFRA, Congress added paragraphs (1)-(4) to 28 U.S.C. § 2680(c). Those paragraphs provide that the FTCA's waiver of sovereign immunity applies to damage to property while in the possession of certain government employees if: "(1) the property was seized for the purpose of forfeiture . . . ; (2) the interest of the claimant was not forfeited; (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law."

Plaintiff argues that CAFRA's "re-waiver" of sovereign immunity applies here because the property was "seized for the purpose of forfeiture" and CBP triggered CAFRA "the moment the government decided to pursue forfeiture." (Doc. 15 at 9.) The United States responds that CAFRA does not apply for two reasons: (1) CAFRA, by its plain language, does not apply to goods seized under Title 19; and (2) Plaintiff's goods were not detained "for the purposes of forfeiture" within the meaning of CAFRA. (Doc. 22 at 5-6.)

The United States has the better side of these arguments. Under 18 U.S.C. § 983(i)(2)(A), the definition of "civil forfeiture statute" does not include the "Tariff Act of 1930 or any other provision of law codified in Title 19." Many courts have thus interpreted § 983(i)(2)(A) as rendering CAFRA's re-waiver of sovereign immunity inapplicable to seizures and forfeitures made pursuant to Title 19. *See, e.g.*, *United States v. Bacon*, 546 F. App'x. 496, 499 (5th Cir. 2013) ("The government . . . sought to seize Bacon's property pursuant to Title 19, rendering § 983 inapplicable to Bacon's claim."); *United States v. Davis*, 648 F.3d 84, 94 (2d Cir. 2011) ("[I]n what has become known as the 'customs carve-out,' 18 U.S.C. § 983(i)(2)(A) excludes . . . 'the Tariff Act of 1930 or any other provision of law codified in title 19.' That language could not be more clear: for

purposes of CAFRA, the Tariff Act of 1930 and the statutory provisions contained in Title 19 . . . are not 'civil forfeiture statutes.'"); *Adeyi v. United States*, 2008 WL 793595, \*7 (E.D.N.Y. 2008) ("In this case, because the administrative forfeiture was carried out pursuant to 19 U.S.C. §§ 1607-09, CAFRA's provision . . . is not available to plaintiff.") (citations omitted); *United States v. One Lucite Ball Containing Lunar Material*, 252 F. Supp. 2d 1367, 1378 n. 4 (S.D. Fla. 2003) ("By its own terms, the CAFRA applies only to proceedings under a 'civil forfeiture statute,' and that term does not include 'any . . . provision of law . . . codified in Title 19.'"). Plaintiff does not cite any decisions reaching a contrary conclusion and the Court has not located any such cases through its own research. At any rate, the Court has reviewed the text of the statute and agrees with the interpretation reached by the courts listed above. Accordingly, because the United States has submitted undisputed evidence (Doc. 14-4 at 4) that the solar panels were detained under Title 19—specifically, 19 U.S.C. § 1526(e), which prohibits the importation of merchandise bearing a counterfeit trademark—it follows that Plaintiff cannot rely on CAFRA's "re-waiver" of sovereign immunity and its claims remain barred pursuant to § 2680(c)'s detention-of-goods exception.

Finally, Plaintiff's reliance on CAFRA is also misplaced for the independent reason that, at least in the Ninth Circuit, CAFRA only re-waives the United States' sovereign immunity with respect to claims arising from the detention of goods where the goods were seized "*solely* for the purposes of forfeiture." *Foster*, 522 F.3d at 1075 (emphasis added). In *Foster*, the court explained that when property is initially seized for the purpose of a law enforcement investigation, not forfeiture, the detention-of-goods exception still applies. *Id.* at 1073. The *Foster* court also concluded that "the fact that the government may have had the possibility of a forfeiture in mind when it seized Plaintiff's property does not detract from the application of the detention of goods exception when criminal investigation was a legitimate purpose of the initial seizure." *Id.* at 1075. So, too, here. The United States has submitted undisputed evidence that CBP's purpose for the initial detention of the solar panels was to investigate the suspected use of an illegal trademark. (Doc. 14-2 ¶¶ 6-9.)

CBP requested additional evidence to support Plaintiff's lawful use of the trademark and pursued forfeiture only upon concluding that trademark violations had occurred. (*Id.* ¶¶ 8-15.) CAFRA's "re-waiver" of sovereign immunity is therefore inapplicable to Plaintiff's claims.

Accordingly,

**IT IS ORDERED** that the United States' motion to dismiss (Doc. 14) is **granted**. The Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 8th day of October, 2021.

Dominic W. Lanza
United States District Judge